IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LISA D. HURSSEY                                                                                           PLAINTIFF

VS.                                              CAUSE NO.: 3:23-cv-159-CWR-LGI

MOUNTAIN LAUREL ASSURANCE COMPANY;
MARVIN WILLIAMS;
LISA A. WILLIAMS;
JOHN DOE(S) 1-100; AND
JOHN DOE ENTITY(IES) 1-100                                                                    DEFENDANTS

## NOTICE OF REMOVAL

TO:   Rebecca A. Keith
      Schwartz & Associates, P.A.
      P.O. Box 3949
      162 East Amite Street (39201)
      Jackson, MS  39207-3949

      Robert Coleman
      Circuit Clerk of Yazoo County
      P.O. Box 108
      211 E. Broadway Street
      Yazoo City, MS  39194

In accordance with 28 U.S.C. § 1446(a) & (b), you are hereby notified that the Defendant, Mountain Laurel Assurance Company, has removed this action from the Circuit Court of Yazoo County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, and supports this removal as follows:

1.     On January 23, 2023, the Plaintiff, Lisa D. Hurssey, filed her Complaint against the Defendant, Mountain Laurel Assurance Company (hereinafter, "Mountain Laurel"), and two improperly joined defendants, Marvin Williams and Lisa A. Williams, in the Circuit Court of Yazoo County, Mississippi.  A copy of the state court file is attached hereto as Exhibit "A."

1

2. As the Complaint did not specify damages in controversy, Defendant, Mountain Laurel, propounded Requests for Admissions requesting such information. A copy of the *Requests for Admissions* is attached hereto as Exhibit "B."

3. The Plaintiff responded to the Requests for Admissions on February 23, 2023. Plaintiff indicated that the amount in controversy does exceed $75,000.00. Exhibit "C."

4. Accordingly, the United States District Court for the Southern District of Mississippi, Northern Division, has original subject matter jurisdiction over this civil action pursuant to diversity of citizenship, 28 U.S.C. § 1332. According to the Complaint, the Plaintiff Lisa Hurssey is an adult resident citizen of Humphreys County, Mississippi.

5. The Defendant, Mountain Laurel, is a citizen of the State of Ohio. Mountain Laurel is incorporated in and has its principal place of business in the State of Ohio. Thus, there is diversity of citizenship.

6. Marvin Williams and Lisa A. Williams are adult resident citizens of the State of Mississippi, but their joinder as defendants in the same action with Mountain Laurel is an improper joinder for purposes of defeating diversity jurisdiction. Severance of the distinct claims against Marvin and Lisa A. Williams and Mountain Laurel will result in diversity among the parties, the Plaintiff Lisa Hurssey, and the Defendant, Mountain Laurel.

7. The Plaintiff's tort and negligence claims against Marvin and Lisa A. Williams are improperly joined with the distinct contract claims against Mountain Laurel. The contract claims against Mountain Laurel Assurance Company must be severed from the tort and negligence claims against Marvin and Lisa A. Williams. United States District Courts in this division have regularly relied on *Hegwood v. Williamson*, 949 So. 2d 728 (Miss. 2007) to sever these claims and retain

jurisdiction over the diverse claims against the diverse party. For example, in *Cotton v. Winfield*, 2021 WL 4775637, at *2 (S.D. Miss. Oct. 13, 2021), this Court held:

> "The *Hegwood* court dealt with a circuit court's refusal to sever a negligence claim against a driver from a bad-faith insurance claim against State Farm. Applying the abuse of discretion standard, the Supreme Court of Mississippi found the claims to be distinct, litigable events, each requiring different evidence. <u>For these reasons, district courts have consistently found the Mississippi Rules of Civil Procedure do not permit joinder of insurance claims to underlying claims for negligence</u>. <u>Cotton's claim against State Farm is for breach of his uninsured motorist insurance contract, while his claim against the Winfields is for damages stemming from the accident</u>. <u>Mississippi law does not allow joinder of these cases</u>. The Court finds the fraudulent misjoinder doctrine applicable here, and State Farm is entitled to severance. Because State Farm independently satisfies the conditions for diversity jurisdiction, the Court will retain jurisdiction over the claims against State Farm and remand claims against the local defendants."

(emphasis added and citations omitted)); *see also Hampton v. Frost*, 2015 WL 11233043, at *2 (S.D. Miss. Sept. 24, 2015) ("The Mississippi Supreme Court has already held that severance is required where a plaintiff who has sustained injuries in a car accident joins her negligence claims (against the other driver) and her bad faith claims (against the insurance company) in one suit." (citing *Hegwood v. Williamson*)); *Magruder v. Brashier*, 2019 WL 332719, at *2 (S.D. Miss. Jan. 25, 2019) ("Plaintiff's claims against [the tortfeasor] are based on a vehicular accident, where, to win, Plaintiff must establish negligence of the driver. On the other hand, Plaintiff's claims against [the insurer] are based on a contract dispute, a quarrel which questions and criticizes [the] claim-handling process. Clearly, these claims are distinct. They involve separate facts, have different elements, and different legal standards…. [T]his court is persuaded that the two claims pose such juridical separateness that they must be severed.").

8. The misjoined and/or improperly joined defendants do not have to consent to removal. See *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

9. The amount in controversy does exceed the sum or value of $75,000.00. The Complaint seeks an unspecified amount of uninsured motorist coverage, extra-contractual damages, pain and suffering, emotional distress, property damage, medical expenses in excess of $8,811.76, and future medical expenses. In addition, the Complaint includes a bad faith claim and demand for an unspecified amount of punitive damages. *See Magruder*, 2019 WL 332719 at *2 ("The Complaint … includes claims for bad faith and demands punitive damages. Such claims are generally held to exceed the federal jurisdictional amount." (citations omitted)); *Haney v. Cont'l Cas. Co.*, 2008 WL 5111021, at *1 (S.D. Miss. Dec. 2, 2008) ("[F]ederal courts in Mississippi have held that claims for an unspecified amount of punitive damages exceed the jurisdictional amount." (citations omitted)). The Plaintiff has responded to Requests for Admission in a manner indicating that more than $75,000.00 is in controversy. Exhibit B.

10. Therefore, this civil action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 and is one that may be removed to this Court by the Defendant, Mountain Laurel, pursuant to the provisions of 28 U.S.C. § 1441(a) & (b) and 28 U.S.C. § 1446(b) since it is a civil action wherein diversity of citizenship exists and wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

11. The Defendant, Mountain Laurel Assurance Company, is serving a copy of the Notice of Removal on the Plaintiff through her attorney of record and on the Circuit Clerk of Yazoo County, Mississippi.

Respectfully submitted, this the 2nd day of March, 2023.

/s/ C. Maison Heidelberg
C. MAISON HEIDELBERG, MB #9559
*Attorney for Mountain Laurel Assurance Company*

OF COUNSEL:

HEIDELBERG PATTERSON WELCH WRIGHT
368 Highland Colony Parkway
Ridgeland, MS  39157
601-790-1584 (Direct)
601-790-1588 (General)
mheidelberg@hpwlawgroup.com

## **CERTIFICATE OF SERVICE**

I, C. Maison Heidelberg, attorney for Mountain Laurel Assurance Company, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via the court's electronic filing system on the following:

Rebecca A. Keith
Schwartz & Associates, P.A.
P.O. Box 3949
162 East Amite Street (39201)
Jackson, MS  39207-3949

Robert Coleman
Circuit Clerk of Yazoo County
P.O. Box 108
211 E. Broadway Street
Yazoo City, MS  39194

THIS, the 2nd day of March, 2023.

/s/ C. Maison Heidelberg
C. MAISON HEIDELBERG