IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LISA D. HURSSEY**,

        *Plaintiff*,

v.

        CAUSE NO. 3:23-CV-159-CWR-LGI

**MARVIN WILLIAMS, LISA A. WILLIAMS, and MOUNTAIN LAUREL ASSURANCE COMPANY,**

        *Defendants*.

## ORDER

Before the Court are Defendant Mountain Laurel Assurance Company's *Motion to Sever and Partially Remand*, the Plaintiff's response in opposition, and the Defendant's reply. *See* Docket Nos. 11, 12, and 14. Upon review, the *Motion* will be denied.

On January 23, 2023, Plaintiff Lisa D. Hurssey sued Marvin and Lisa A. Williams in the Circuit Court of Yazoo County, Mississippi, for injuries resulting from a April 2, 2021 car accident. Docket No. 1-1. She brought negligence claims against them. *Id.* Hurssey also alleged that she was covered under Mountain Laurel Assurance Company's insurance policy at the time of the accident. Docket No. 1-2 at 5. She brought breach of contract and other claims against Mountain Laurel. *Id.* Mountain Laurel timely removed the case here.

Rooting its arguments in the doctrine of fraudulent misjoinder, 28 U.S.C. § 1441(b)(2), and the Mississippi Rules of Civil Procedure, Mountain Laurel requests that

this Court sever the current causes of action, retain jurisdiction over the breach of contract and other claims against it, and remand to state court the Plaintiff's state-law negligence claims against the Williamses. Docket No. 11.

Mountain Laurel's *Motion* (and the Plaintiff's response in opposition) fails to recognize the Fifth Circuit's decision in *Williams v. Homeland Insurance Company of New York*, 18 F.4th 806, 815 (5th Cir. 2021), which holds that the doctrine of fraudulent misjoinder cannot establish diversity jurisdiction. Of most significance, the case says that § 1441(b)(2) neither "[p]rovide[s] a textual basis for expanding federal jurisdiction to include fraudulent misjoinder, nor is there any other statutory authority (or case law interpreting statutory authority in this context) that does so." *Id*. To hold otherwise would encourage diverse defendants to remove cases to federal court and "[t]hen simply sever the non-diverse defendant to remain in federal court"—the same feat Mountain Laurel attempts to achieve here. In this Circuit, that is error.

Accordingly, the Defendant's *Motion* is denied. Because the Williamses have not been served, the Court presently has subject-matter jurisdiction to preside over this case.

**SO ORDERED**, this the 20th day of June, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE